UNITED STEELWORKERS OF AMER-
ICA, Plaintiff,

v.

NORTH RANGE MINING COMPANY,
Defendant.

No. 5–65–54 Civil.

United States District Court
D. Minnesota,
Fifth Division.

Jan. 24, 1966.

Helgesen, Peterson, Engberg & Spector, by John G. Engberg, Minneapolis, Minn., for plaintiff.

Clancey & Hansen, by James P. Clancey, Ishpeming, Mich., for defendant.

DONOVAN, District Judge.

The above case was submitted to the Court by stipulation and upon briefs of counsel.

### I. *Statement of the Facts.*

This case arises out of a dispute between the North Range Mining Company and the United Steelworkers of America as to whether certain employees whose employment has been terminated are entitled to severance pay under their collective bargaining agreement. The Company claims they are not entitled thereto because they lack the requisite "continuous service" required by the agreement, having failed to properly respond to a notice by the Company requesting that they indicate their desire, within fifteen days of the notice, to be continued as available employees.[1] Fifteen days after giving such notice, the Company had announced

---

1. Section XVI of the collective bargaining agreement, entitled "Severance Allowance," provides:

"When the Company, in its sole discretion, determines that a mine deposit is exhausted and that a mine is permanently closed, each employee at that mine whose employment is terminated permanently as a result thereof and who at the time shall have a length of continuous service at that mine for vacation purposes of three (3) years but less than five (5) years shall receive an allowance of four (4) weeks pay * * *."

Section IX, Subsection 8 provides that "Continuous service is broken by:

*   *   *   *   *   *

"(e) Failing within fifteen (15) days after mailing of written notice by the Company by registered mail addressed to his last known address on record with the Company, to indicate his desire by registered mail to be continued on the records of the Company as available for immediate recall to work."

that its mining operation was to be closed and that severance pay would be paid to those entitled thereto.

This dispute over the right to severance pay is not before this Court. The issue now before this Court is whether the Union is entitled to an arbitration of the dispute over severance pay. The Union seeks in this proceeding to obtain an order directing the Company to submit their dispute to arbitration, pursuant to their agreement.[2]

The collective bargaining agreement provides for the submission to arbitration of the grievances that cannot be settled between the parties.[3] When the Union initially sought arbitration of its employees' grievance concerning severance pay, the Company refused to arbitrate that grievance, claiming that such grievance had not been timely filed, and that this constituted a waiver of the employees' contractual right to submit the grievance to arbitration.[4] Thus the parties were initially faced with a procedural dispute as to whether the grievance was arbitrable.

After some discussion between the parties as to the arbitrability of the grievance, the parties *agreed* to submit this issue of arbitrability to an arbitrator for determination.[5] After due consideration, the arbitrator decided that the timeliness provision in question did not apply on the facts of this particular case,[6] and decided that therefore the right to have the grievance submitted to arbitration remained in force, and that the grievance therefore *was arbitrable* under the collective bargaining agreement.[7]

In spite of the arbitrator's decision, the Company has refused to submit the

---

2. Jurisdiction is conferred by 29 U.S.C. § 185.

3. Section X, Subsection 3 of the collective bargaining agreement, entitled "Arbitration," provides:

"(a) When either party concludes further conferences in Step (3) cannot contribute to the settlement of the grievance such grievance may be appealed by either party to an impartial umpire to be appointed as hereinafter set forth * * *."

4. Section X, Subsection 1 of the collective bargaining agreement, entitled "Adjustment of Grievances," provides:

* * * * * *

"(b) Grievances not adjusted by the foreman shall be reduced to writing * * *. In order to become the basis for a claim, a grievance must be presented to the superintendent or department head within fifteen days after the employee knew or should have known if he exercised reasonable diligence and attention that the cause of the grievance had occurred."

5. The complaint alleges:

"IX. That by agreement of the parties, the procedural issue of arbitrability was submitted to arbitration and hearings on same were held in December of 1962 before Mr. L. Reed Tripp, an arbitrator selected by the parties."
The answer alleges:

"7. Defendant admits the allegations contained in paragraphs IX, X and XI of plaintiff's complaint."

6. The arbitrator reasoned:

"The critical factor, however, is that the nature of the situation before us made it obviously impossible to apply the literal grievance procedure language at each step to resolve the rights and obligations under the Agreement when the Company was faced with the permanent closure decision * * *.

* * * * * *

"It is clear from the entire context of this section that the grievance procedure time limits, consistently with industrial relations practice elsewhere, are designed to prevent festering unrest that can interfere with ongoing production and provide an orderly substitute for work suspensions over contract interpretation disputes, as well as to protect management from cumulating liability associated with alleged contract violations. None of these considerations are present in the instant case."

7. The complaint alleges, and it is admitted in the answer (note 5, supra):

"X. That on April 9, 1963, the arbitration award was issued determining that the dispute as to severance allowance was arbitrable and that the arbitration of that issue should be proceeded with."
The arbitration award states:

"The grievance of Chester A. Polivka et al. alleging denial of severance pay is not barred by lapse of time under the Agreement between the parties dated January 19, 1960, and should be submitted to arbitration on its merits

grievance to arbitration.[8] The Company contends that the arbitrator exceeded his authority, in that his decision amounted to an alteration of the terms of the contract, which is forbidden by the collective bargaining agreement.[9]

## II. *Issue of Law.*

Should the Court order the Company to proceed to arbitration in accordance with the decision of the arbitrator?

## III. *Statement of the Law.*

█ The issue here is simple to resolve. The parties were in disagreement as to whether the grievance was arbitrable. They submitted this procedural issue by agreement to an arbitrator, who determined that the dispute was arbitrable. Therefore, this agreement and the resulting determination ought to be enforced. There is no point in submitting an issue to arbitration unless the parties are going to abide by the arbitrator's award.[10]

█ Arbitration of disputes over the meaning of collective bargaining agreements is favored by the courts. It may well be that the Union would have been entitled to an order forcing submission of the procedural issue of arbitrability to an arbitrator, even if the parties had not done so voluntarily.[11]

█ The Company argues that the arbitrator exceeded his authority in deciding that the timeliness provision for filing grievances was not applicable on the facts of this case. But it clearly appears that this is the precise issue which was submitted to the arbitrator for determination, and the Company cannot now complain after he has decided that issue. The Company argues that the arbitrator exceeded his authority in that his decision was an alteration of the terms of the collective bargaining agreement rather than an interpretation.[12] This question need not be reached, but it might be helpful to note that a question as to the applicability of a contractual provision to a state of facts has traditionally been considered to be a question of interpretation.[13]

█ In the last analysis, the Company's argument, although ably presented, seems to be no more than a contention that the arbitrator was wrong in his reasoning. It might be observed that the losing party to an arbitration award will normally have such a viewpoint. But whether a decision of an arbitrator as to the meaning of a provision of a collective bargaining agreement is correct or incorrect is not a proper question for this Court.[14]

to determine whether or not the employees individually had broken their continuous service by failure to comply with procedural requirements of Section IX, subsection 8(e) of said Agreement."

8. The complaint alleges, and it is admitted in the answer (note 5, supra):
"XI. That the Defendant, then and ever since, has refused to abide by the arbitration award and has declined to proceed with the arbitration of the severance pay question as directed by Arbitrator L. Reed Tripp."

9. Section X, Subsection 3, entitled "Arbitration," provides:
"The umpire shall have the authority and jurisdiction only to interpret and apply the provisions of this Agreement insofar as shall be necessary to the determination of the merits of such grievance, but he shall not have jurisdiction nor authority to add to or detract from

or alter in any way the provisions of this Agreement. The decision of the umpire shall be final subject to the limitations herein specified."

10. See United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

11. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898; Bevington & Basile Wholesalers v. Local Union No. 46, 8 Cir., 330 F.2d 202; Western Auto M. Screw Co. v. International Union, 6 Cir., 335 F.2d 103.

12. Cf. United Steelworkers of America v. Enterprise Wheel & Car Corp., supra note 10, 363 U.S. at 598, 80 S.Ct. at 1361.

13. See Local No. 595 of Dist. No. 152 v. Howe Sound Co., 3 Cir., 350 F.2d 508, 511.

14. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S. Ct. 1343, 4 L.Ed.2d 1403; United Steel-

The parties must submit their dispute over severance pay to arbitration. The Court expresses no opinion as to the merits of this issue.

The Court having considered the pleadings, the stipulations, the entire record in this case, the excellent briefs of counsel, and the applicable law, it is hereby ordered, adjudged and decreed that summary judgment may be, and the same is, hereby granted for the plaintiff. The parties shall proceed to submit the aforesaid grievance to arbitration in accordance with the aforesaid arbitration award.

It is so ordered.

workers of America v. Enterprise Wheel & Car Corp., supra note 10; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S. Ct. 1347, 4 L.Ed.2d 1409.